IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Brian Watts, # 14394-171 | ) | C/A No.: 1:19-2839-HMH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| United States of America, | ) | |
| Defendant. | ) | |

Brian Watts ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against the United States of America ("Defendant") seeking damages under the Federal Tort Claims Act ("FTCA"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is a federal prisoner currently incarcerated at Yazoo City Low Federal Correctional Institution ("FCI") in Yazoo, MS. [ECF No. 1 at 1]. Plaintiff alleges he sustained tears to his right acromioclavicular and medial collateral ligaments ("ACL" and "MCL") while he was detained in federal custody at Irwin County Detention Center in or around December 2007. *Id.* He claims his repeated requests for medical attention were ignored by the

sentencing judge and Federal Bureau of Prisons ("BOP") staff. *Id.* at 1–2. Plaintiff alleges he sustained a fall in 2015 or 2016, causing additional injury to his right knee. *Id.* at 2. He states he received a brace and cortisone injections following the injury. *Id.* He claims he was subsequently transported to FCI Edgefield in Edgefield, SC, where he underwent magnetic resonance imaging ("MRI"). *Id.* He indicates his brace was confiscated by BOP staff upon transfer because it contained metal rods. *Id.* He claims the BOP staff assured him the brace would be replaced, but it was not. *Id.* He indicates he underwent arthroscopic examination of his right knee in preparation for surgery on December 13, 2018, but has not yet undergone surgery. *Id.*

Plaintiff alleges his knee dislocates from the joint, causing difficulty walking. *Id.* He claims he has gained weight and his muscles have atrophied because he is unable to engage in effective exercise. *Id.* He states he was previously housed with two other inmates in a cell designed for two and had difficulty using the toilet stall because of his knee injury. *Id.*

Plaintiff alleges he filed a tort claim with the BOP on January 6, 2019. *Id.* at 1, ECF No. 1-1 at 1–4. He maintains the BOP acknowledged receipt of the claim on January 28, 2019. *Id.*; ECF No. 1-1 at 5. He acknowledges he has not received a right-to-sue letter, but states he has waited the requisite period and is entitled to bring suit against Defendant. *Id.*

Plaintiff claims Defendant's negligent acts and omissions caused him to lose earning potential, health, and vigor. *Id.* at 1, 2. He seeks compensatory damages of $950,000. *Id.* at 2.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

3

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

Plaintiff raises a claim of negligence pursuant to the FTCA. "The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his or her employment." *Medina v. U.S.*, 259 F.3d 220, 223

4

(4th Cir. 2001). Because Plaintiff alleges a substantial part of the acts and omissions underlying his claim occurred in South Carolina (ECF No. 1 at 1), South Carolina's substantive law is controlling. *See* 28 U.S.C. § 1346(b)(1) (permitting plaintiffs to recover damages in civil actions for injury or loss caused the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *Medina*, 259 F.3d at 223 (noting the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred").

To recover for negligence under South Carolina law, "a plaintiff must show: (1) the existence of a duty, (2) a breach of that duty by the defendant, (3) an injury, and (4) proximate cause." *Sharpe v. Household Finance Corp. II*, C/A No. 8:09-2784-JMC, 2010 WL 3893846 (D.S.C. Sept. 30, 2010) (citing *Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E.2d 61 (1984). State courts impose a higher burden for a showing of medical malpractice, requiring the plaintiff to prove: (1) "the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances"; (2) the defendants' "depart[ure] from the recognized and generally accepted standards"; and (3)

5

"that the defendants' departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages." *David v. McLeod Regional Medical Center*, 626 S.E.2d 1, 4 (S.C. 2006). Because a heightened burden of proof exists in claims for medical malpractice, South Carolina law requires the plaintiff "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code Ann. § 15-36-100(B) (1976, as amended). This court has recognized this requirement in claims for medical malpractice brought pursuant to the FTCA. *See Allen v. U.S.*, C/A No. 2:13-2740-RMG, 2015 WL 1517510, at *6 (D.S.C. Apr. 1, 2015) (finding the defendants were "entitled to dismissal of the FTCA claim because Plaintiff failed to file with her Complaint an expert affidavit identifying 'at least one negligent act or omission claimed to exist'") (quoting S.C. Code Ann. § 15-36-100(B)).

The South Carolina Supreme Court has "acknowledge[ed] that '[b]ecause medical malpractice is a category of negligence, the distinction between medical malpractice and negligence claims is subtle; there is no rigid line separating the two causes of action'" and "differentiating between the two types of claims 'depends heavily on the facts of each individual case.'" *Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501, 503–04 (S.C. 2014) (citing *Estate of French*

*v. Stratford House*, 333 S.W.3d 546, 555–56 (Tenn. 2011). The court explained "[i]n general, if the patient receives allegedly negligent professional medical care, then expert testimony as to the standard of that type of care is necessary, and the action sounds in medical malpractice." *Id.* (citing *Kujawski v. Arbor View Health Care Ctr.*, 407 N.W.2d 249, 252 (1987).

Plaintiff has alleged that he received negligent professional medical care, resulting in exacerbation of his injury and permanent physical damage. [ECF No. 1]. Thus, his claim appears to be one arising in medical malpractice and requiring expert medical testimony as to the necessary standard of care. Consequently, Plaintiff was required to file with his complaint an expert affidavit identifying at least one negligent act or omission claimed to exist and the factual basis for each claim. Because he has failed to do so, his complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint and/or an affidavit from an expert witness pursuant to S.C. Code Ann. § 15-36-100(B) by **October 29, 2019**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.")

7

(citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

October 8, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge